UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK



___

DENNY DEJESUS,

        Plaintiff,

-v-

JOHN DOE, MENTAL HEALTH UNIT CHIEF OF FIVE POINTS, MEDICAL DOCTOR AT FIVE POINTS, MS. BELGARD, C.O. JOHN DOE AT FIVE POINTS,

        Defendants.

**DECISION AND ORDER**

16-CV-6470 EAW

___

## INTRODUCTION

Plaintiff Denny DeJesus ("Plaintiff"), an inmate currently confined at Auburn Correctional Facility, filed this *pro se* action seeking relief pursuant to 42 U.S.C. § 1983. (Dkt. 1). Thereafter, Plaintiff filed an Amended Complaint. (Dkt. 8). Upon granting Plaintiff permission to proceed *in forma pauperis*, the Court screened the Complaint and the Amended Complaint pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A and dismissed certain of Plaintiff's claims with leave to amend. (Dkt. 19). Plaintiff has now filed a Second Amended Complaint. (Dkt. 21). Plaintiff has also requested assignment of counsel. (Dkt. 24).

Plaintiff's Second Amended Complaint asserts claims against three defendants: John Doe, the Mental Health Unit Chief at Five Points Correctional Facility ("MHU Chief Doe"); Ms. Belgard, a medical doctor at Five Points Correctional Facility ("Dr. Belgard");

and C.O. John Doe ("C.O. Doe"), a corrections officer at Five Points Correctional Facility. The Court has screened the Second Amended Complaint pursuant to Sections 1915(e)(2)(B) and 1915A and, for the reasons set forth below, finds that Plaintiff's Fourth and Eighth Amendment claims against C.O. Doe may proceed to service, while the remainder of his claims must be dismissed with prejudice for failure to state a claim on which relief may be granted. The Court further requests additional identifying information regarding C.O. Doe's identity, as discussed below.

## DISCUSSION

### I. Standard of Review

Sections 1915(e)(2)(B) and 1915A(a) of Title 28 of the United States Code require the Court to conduct an initial screening of this Second Amended Complaint. In evaluating the Second Amended Complaint, the Court must accept as true all of the factual allegations and must draw all inferences in Plaintiff's favor. *See Larkin v. Savage*, 318 F.3d 138, 139 (2d Cir. 2003). While "a court is obliged to construe [*pro se*] pleadings liberally, particularly when they allege civil rights violations," *McEachin v. McGuinnis*, 357 F.3d 197, 200 (2d Cir. 2004), even pleadings submitted *pro se* must meet the notice requirements of Rule 8 of the Federal Rules of Civil Procedure. *Wynder v. McMahon*, 360 F.3d 73 (2d Cir. 2004). "Specific facts are not necessary," and the plaintiff "need only 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)); *see also Boykin v. Keycorp*, 521 F.3d 202, 213 (2d Cir. 2008).

Plaintiff brings this action pursuant to 42 U.S.C. § 1983. "To state a valid claim under 42 U.S.C. § 1983, the plaintiff must allege that the challenged conduct (1) was attributable to a person acting under color of state law, and (2) deprived the plaintiff of a right, privilege, or immunity secured by the Constitution or laws of the United States." *Whalen v. County of Fulton*, 126 F.3d 400, 405 (2d Cir. 1997).

## II.  Plaintiff's Allegations

The following facts are taken from the Second Amended Complaint. As required as this stage of the proceedings, the Court treats Plaintiff's allegations as true.

On June 12, 2015, C.O. Doe sexually assaulted Plaintiff during a pat frisk while Plaintiff was on his way to the law library. (Dkt. 21 at 3). In particular, C.O. Doe placed his hand inside Plaintiff's pants and boxer shorts and squeezed his penis and testicles, causing Plaintiff "excruciating pain." (*Id.*). C.O. Doe then said to Plaintiff, "you like that freak." (*Id.*). After the sexual assault, Plaintiff noticed that his penis and testicles had swollen and there was blood in his urine and a stinging sensation when he urinated. (*Id.*).

That same day, Plaintiff "wrote to sick call informing them that [he] wanted to speak to mental health and see a doctor regarding [an] incident that happened to [him] that [he] got injured and feared talking about it at sick call because the officers [were] right at the door." (*Id.* at 5). Plaintiff was interviewed by non-defendant Sergeant Atwood on June 14, 2015, and again indicated a desire to speak to a mental health specialist. (*Id.*). Plaintiff was taken to speak to a nurse, who took a urine sample which revealed blood in Plaintiff's urine. (*Id.*). Plaintiff was kept in the infirmary overnight. (*Id.*).

On June 15, 2015, Plaintiff was again seen by a nurse, who verified that there was still blood in Plaintiff's urine. (*Id.* at 7). Plaintiff was then seen by Doctor Belgard, whom he asked for "some good medication for [his] pain." (*Id.*). Doctor Belgard responded, "we will see." (*Id.*). Thereafter, Plaintiff "was discharged from medical and only given ibuprofen." (*Id.*). At sick call on June 16, 2015, Plaintiff requested prescription medication, and a nurse explained that only the doctor can prescribe medications. (*Id.* at 9). When Plaintiff complained that ibuprofen "only helps a little bit," the same nurse gave him additional ibuprofen. (*Id.*).

On June 26, 2015, Plaintiff spoke to someone from the mental health unit. (*Id.* at 7, 9). Plaintiff alleges that MHU Chief Doe "did not follow policy and procedure, rules and regulation[s] pertaining to a . . . victim that was sexually assaulted." (*Id.* at 9). In particular, Plaintiff asserts that it should not have taken two weeks before he was seen by the mental health unit. (*Id.*).

### III. Eighth and Fourth Amendments Claim Against C.O. Doe

Based on C.O. Doe's sexual assault, Plaintiff asserts a violation of his Eighth Amendment right to be free from cruel and unusual punishment. To succeed on an Eighth Amendment claim for cruel and unusual punishment, a plaintiff must show "(1) a deprivation that is objectively, sufficiently serious" and "(2) a sufficiently culpable state of mind on the part of the defendant official." *Gaston v. Coughlin*, 249 F.3d 156, 164 (2d Cir. 2001) (internal quotation marks omitted). "[A] corrections officer's intentional contact with an inmate's genitalia or other intimate area, which serves no penological purpose and is undertaken with the intent to gratify the officer's sexual desire or humiliate the inmate,

violates the Eighth Amendment." *Crawford v. Cuomo*, 796 F.3d 252, 257 (2d Cir. 2015). Here, Plaintiff's allegations against C.O. Doe state an Eighth Amendment claim and are sufficient for this claim to proceed to service.

Plaintiff further asserts that his Fourth Amendment right to be free from unreasonable searches and seizures was violated by the assault. "[T]he Fourth Amendment proscription against unreasonable searches does not apply within the confines of the prison cell[.]" *Harris v. Miller*, 818 F.3d 49, 57 (2d Cir. 2016) (quoting *Hudson v. Palmer*, 468 U.S. 517, 526 (1984)). As such, "although inmates do possess a limited right to bodily privacy, some aspects of that right must yield to searches for contraband, even random visual body-cavity searches, so that prison administrators may maintain security and discipline in their institutions." *Covino v. Patrissi*, 967 F.2d 73, 79 (2d Cir. 1992). However, searches of an inmate's body "performed with no legitimate penological purpose but merely to intimidate, harass, or punish are impermissible." *George v. City of New York*, 12-CV-6365 PKC/JLC, 2013 WL 5943206, at *7 (S.D.N.Y. Nov. 6, 2013). Here, Plaintiff has adequately alleged that C.O. Doe's search of Plaintiff's person was performed maliciously, and so his Fourth Amendment claim against C.O. Doe may also proceed to service. *See Love v. Town of Granby*, No. CIV.3:03 CV 1960 EBB, 2004 WL 1683159, at *5 (D. Conn. July 12, 2004) (finding potentially viable Fourth Amendment claim where, during a pat down, the defendant allegedly grabbed the plaintiff's scrotum and said "you haven't felt like this in a long time, you faggot"); *see also Colman v. Vasquez*, 142 F. Supp. 2d 226, 232 (D. Conn. 2001) (inmates' retained right to bodily privacy prohibits pat

searches that are abusive, taking into account "the nature of the search, the circumstances of the inmates, [and] the penological justifications").

## IV. Deliberate Indifference Claims Against Dr. Belgard and MHU Chief Doe

Plaintiff attempts to assert a claim for deliberate indifference to a serious medical condition against Doctor Belgard. Specifically, he complains that he was given only ibuprofen for his pain following the sexual assault and not a stronger medication.

A claim for denial of medical care rises to the level of a constitutional violation only where the facts alleged show that a defendant was deliberately indifferent to a plaintiff's serious medical needs. *See Estelle v. Gamble*, 429 U.S. 97, 104-05 (1976); *see also Ross v. Kelly*, 784 F. Supp. 35, 43-44 (W.D.N.Y. 1992). This standard has both an objective and subjective component. First, Plaintiff's medical needs must be objectively serious. "A serious medical condition exists where 'the failure to treat a prisoner's condition could result in further significant injury or the unnecessary and wanton infliction of pain.'" *Harrison v. Barkley*, 219 F.3d 132, 136-137 (2d Cir. 2000) (quoting *Chance v. Armstrong*, 143 F.3d 698, 702 (2d Cir. 1998)).

Second, Plaintiff must adequately allege that the doctor had actual knowledge of Plaintiff's serious medical needs but was deliberately indifferent. *See Farmer v. Brennan*, 511 U.S. 825, 837 (1994); *Brock v. Wright*, 315 F.3d 158 (2d Cir. 2003); *Hathaway v. Coughlin*, 37 F.3d 63, 66 (2d Cir. 1994). "[N]ot every lapse in prison medical care will rise to the level of a constitutional violation." *Smith v. Carpenter*, 316 F.2d 178, 184 (2d Cir. 2003). Moreover, mere disagreement over the proper treatment does not create a constitutional claim because prison officials have broad discretion in determining the type

and extent of medical treatment given to inmates. *See, e.g., Dean v. Coughlin*, 804 F.2d 207, 215 (2d Cir. 1986) (a "correctional facility is not a health spa, but a prison in which convicted felons are incarcerated;" so long as the treatment given is adequate, the fact that a prisoner might prefer a different treatment does not give rise to an Eighth Amendment violation).

Plaintiff has not stated a deliberate indifference claim as to Doctor Belgard. "Differences in opinions between a doctor and an inmate patient as to the appropriate pain medication clearly do not support a claim that the doctor was deliberately indifferent to the inmate's 'serious' medical needs." *Wright v. Genovese*, 694 F. Supp. 2d 137, 160 (N.D.N.Y. 2010), *aff'd*, 415 F. App'x 313 (2d Cir. 2011) (collecting cases). Here, Plaintiff was given ibuprofen for his pain. His desire for different, prescription pain medication is insufficient to state a claim for deliberate indifference to a serious medical need.

Plaintiff also attempts to assert a deliberate indifference claim against MHU Chief Doe, based on the delay in Plaintiff being seen by the mental health unit. Plaintiff has not stated a deliberate indifference claim as to MHU Chief Doe. Plaintiff acknowledges that he was seen by the mental health unit after he reported the assault by C.O. Doe. "That plaintiff would have liked . . . treatment sooner does not give rise to an Eighth Amendment claim." *Lawrence v. Evans*, 136 F. Supp. 3d 486, 490 (W.D.N.Y. 2015), *aff'd*, 669 F. App'x 27 (2d Cir. 2016). Moreover, there are no allegations suggesting that the delay was the product of deliberate indifference. *See Burroughs v. Petrone*, 138 F. Supp. 3d 182, 212 (N.D.N.Y. 2015) ("some delays in receiving medical treatment are common even outside the prison context."). Thus, even accepting the truth of Plaintiff's factual allegations, he

has not made out either the objective or subjective prongs of an Eighth Amendment claim as to MHU Chief Doe. *See Greene v Furman*, 610 F. Supp. 2d 234, 237 (W.D.N.Y. 2009).

Plaintiff has already had the opportunity to file three complaints in this matter. (*See* Dkt. 1, 8, 21). There is no reason to think that, given another opportunity, he could state an appropriately supported medical indifference claim as to either Dr. Belgard or MHU Chief Doe. Accordingly, Plaintiff's claims against Dr. Belgard and MHU Chief Doe shall be dismissed.

## V. Equal Protection Claim

In addition to the claims discussed above, Plaintiff alleges, in cursory terms, a violation of the Equal Protection Clause of the Fourteenth Amendment. (Dkt. 21 at 1). Plaintiff has not elaborated further on the purported basis for this claim.

Pursuant to the Equal Protection Clause, a state and its instrumentalities may not deny "any person within its jurisdiction the equal protection of the laws." U.S. Const. Amend. XIV. At its core, the Equal Protection Clause prohibits the government from treating similarly situated persons differently. *See City of Cleburne v. Cleburne Living Center*, 473 U.S. 432, 439 (1985). Generalized allegations are insufficient to make out an equal protection claim. *See Crawford-El v. Britton*, 523 U.S. 574, 592 (1998).

Here, Plaintiff has made a generalized claim of an equal protection violation without further elaboration. This is insufficient to state a plausible claim. Moreover, as discussed above, Plaintiff has already amended his complaint in this matter twice, and the Court sees no reason to think that Plaintiff could state a plausible equal protection claim were he

afforded another opportunity to amend. Accordingly, the Court will dismiss Plaintiff's equal protection claim.

## VI. Identity of C.O. John Doe

Pursuant to *Valentin v. Dinkins*, 121 F.3d 72 (2d Cir. 1997), this Court previously requested that the New York State Attorney General's Office (the "AG's Office") ascertain the identity of C.O. Doe. (*See* Dkt. 19). Thereafter, the AG's Office sent the Court a letter dated June 5, 2018, explaining that Five Points Correctional Facility ("Five Points") has no record of a Use of Force or Unusual Incident report from June 12, 2015, and requested that Plaintiff provide a physical description of C.O. Doe to assist in identification. (Dkt. 22). Plaintiff thereafter provided the requested physical description (Dkt. 27), and on July 11, 2018, the AG's Office filed a response stating that C.O. Gates most closely matched the information provided by Plaintiff. (Dkt. 31). The Clerk of the Court's Office thereafter substituted C.O. Gates as a defendant in place of C.O. Doe.

However, Plaintiff responded with multiple letters stating that he recalls C.O. Gates from his incarceration at Five Points, and that he does not believe C.O. Gates was the perpetrator of the sexual assault. (Dkt. 30; Dkt. 32; Dkt. 33). Specifically, Plaintiff states that he is "almost 100% sure that Kevin Gates is not the officer that sexually assaulted [him]." (Dkt. 33 at 1 (emphasis in original)). Plaintiff has suggested additional information the AG's Office could seek to aid in the identification process, and also asserts that Plaintiff's mother possesses a DVD showing the officer in question. (Dkt. 32).

Under *Valentin*, "[t]he district court may pursue any course that it deems appropriate to further inquiry into the identify of [unidentified defendants]." 121 F.2d at 76. Here, the

Court finds it is not appropriate to substitute C.O. Gates in as a defendant, because Plaintiff has affirmatively stated that he does not believe C.O. Gates is the individual who assaulted him. Accordingly, the Clerk of Court's Office is instructed to rescind the substitution of C.O. Gates as a defendant in this matter and to restore C.O. Doe as a defendant.

The Court further requires Plaintiff, within 30 days of entry of this Decision and Order, to provide any additional information regarding C.O. Doe that is in his possession. In particular, to the extent that Plaintiff (or his mother) are in possession of DVD that shows the claimed assault, Plaintiff shall provide a copy of said DVD to the Court. The Court also requests that, within 30 days of entry of this Decision and Order, the AG's Office send a letter to the Court that states whether the AG's Office possesses a copy of the DVD referenced by Plaintiff, and, if so, whether the identity of C.O. Doe can be ascertained from said DVD.

### VII. Request for Counsel

Plaintiff has filed a motion for the assignment of counsel. (Dkt. 24). In deciding whether to appoint counsel, the Court should first determine whether the indigent's position seems likely to be of substance; if the claim meets this threshold requirement, the Court then considers a number of other factors in making its determination. *See Hodge v. Police Officers*, 802 F.2d 58, 61 (2d Cir. 1986).

This action is still in its infancy. No response to the allegations contained in Plaintiff's Second Amended Complaint has been filed, and the only facts upon which this Court may base its decision as to whether this lawsuit is of substance are those portions of Plaintiff's Second Amended Complaint wherein he states the facts surrounding his claim.

At this stage, the Court cannot conclude that Plaintiff's claims are likely to be of substance, and lacks sufficient information to address the other factors set forth in *Hodge*. Plaintiff's request for appointment of counsel is therefore denied without prejudice to renewal at a later stage of the proceedings.

## ORDER

IT HEREBY IS ORDERED, that Plaintiff's request for the assignment of counsel (Dkt. 24) is denied without prejudice;

FURTHER, that Plaintiff's denial of medical treatment and equal protection claims are dismissed with prejudice;

FURTHER, that the Clerk of Court is directed to terminate Defendants John Doe, Mental Health Unit Chief at Five Points C.F., and Doctor Belgard as parties to this action;

FURTHER, that the Clerk of Court's office is instructed to rescind the substitution of C.O. Kevin Gates as a defendant in this matter and to restore C.O. John Doe as a defendant;

FURTHER, that within 30 days of entry of this Decision and Order, Plaintiff is ordered to submit to the Court any additional information in his possession regarding the identity of C.O. John Doe, including any DVD reflecting this individual;

FURTHER, that within 30 days of entry of this Decision and Order, the AG's Office is requested to provide the Court with a letter setting forth the information discussed above;

FURTHER, that upon identification of C.O. Doe, the Clerk of Court is directed to cause the United States Marshal Service to serve copies of the Summons, Second Amended

Complaint, and this Order upon C.O. Doe, without Plaintiff's payment therefor, unpaid fees to be recoverable if this action terminates by monetary award in Plaintiff's favor;

FURTHER, that the Clerk of Court is directed to forward a copy of this Decision and Order by email to Ted O'Brien, Assistant Attorney General in Charge, Rochester Regional Office <Ted.O'Brien@ag.ny.gov>, and to Hillel Deutsch, Assistant Attorney General, Rochester Regional Office <Hillel.Deutsch@ag.ny.gov>.

FURTHER, that upon service, pursuant to 42 U.S.C. § 1997e(g), the served Defendant is directed to respond to the Second Amended Complaint.

SO ORDERED.

_____
ELIZABETH A. WOLFORD
United States District Judge

Dated: December 10, 2018
         Rochester, New York