UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

DENNY DEJESUS,

                        Plaintiff,

      v.

ANTHONY ANNUCCI, Acting Commissioner
of DOCCS, et al.,

                        Defendants.
_____

DECISION & ORDER

16-CV-6470W

On May 31, 2018, *pro se* plaintiff Denny DeJesus ("DeJesus") filed a Second Amended Complaint pursuant to 42 U.S.C. § 1983, alleging constitutional violations in connection with his incarceration at Five Points Correctional Facility. (Docket # 21). United States District Judge Elizabeth A. Wolford reviewed DeJesus's Second Amended Complaint pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(a). (Docket # 35). By Order dated December 10, 2018, Judge Wolford found that DeJesus had sufficiently alleged only his Fourth and Eighth Amendment claims against defendant C.O. John Doe ("C.O. Doe"), relating to C.O. Doe's alleged sexual assault of DeJesus during a pat frisk on June 12, 2015. (*Id.* at 4-6). Judge Wolford dismissed DeJesus's claims against the other two remaining defendants. (*Id.*).

Currently pending is DeJesus's third motion for the appointment of counsel. (Docket ## 3, 35, 55). DeJesus desires the appointment of counsel because of his incarceration and limited knowledge of the law. (*See*, *e.g.*, Docket # 55 at ¶ 2 ("[p]laintiff's imprisonment will greatly limit his ability to litigate[;] [h]is case will require cross examination by counsel, medical expert[] witness[es], interviews, [and] d[e]positions"); ¶ 4 ("[t]he plaintiff will also need a

private investigator to investigate certain issues to help his case, and an attorney can provide that"); ¶ 6 ("[t]he plaintiff does not know how to cross examine a witness, and does not have the ability because he is in prison and can't find medical experts and expert testimony"); ¶ 8 ("[a] trial in this case will likely involve conflicting testimony, and counsel appointment will better enable plaintiff to present evidence found thr[ough] discovery, cross examination, expert testimony, [and] d[e]positions of defendants")). He also states that since filing his prior two motions for the appointment of counsel, he has been able to "put a name to [C.O. Doe]" and that video evidence has been uncovered that "helps prove that his case has merit, and shows that what he has allege[d] happened, and should be given counsel to properly prepare for trial." (*Id.* at ¶ 5).

It is well-settled that there is no constitutional right to appointed counsel in civil cases. Although the Court may appoint counsel to assist indigent litigants pursuant to 28 U.S.C. § 1915(e), *see, e.g.*, *Sears, Roebuck and Co. v. Charles W. Sears Real Estate, Inc.*, 865 F.2d 22, 23 (2d Cir. 1988), such assignment of counsel is clearly within the judge's discretion. *In re Martin-Trigona*, 737 F.2d 1254, 1260 (2d Cir. 1984). The factors to be considered in deciding whether or not to assign counsel include the following:

1. Whether the indigent's claims seem likely to be of substance;

2. Whether the indigent is able to investigate the crucial facts concerning his claim;

3. Whether conflicting evidence implicating the need for cross-examination will be the major proof presented to the fact finder;

4. Whether the legal issues involved are complex; and

> 5. Whether there are any special reasons why appointment of counsel would be more likely to lead to a just determination.

*Hendricks v. Coughlin*, 114 F.3d 390, 392 (2d Cir. 1997); *see also Hodge v. Police Officers*, 802 F.2d 58, 61-62 (2d Cir. 1986).

The Court must consider the issue of appointment carefully, of course, because "every assignment of a volunteer lawyer to an undeserving client deprives society of a volunteer lawyer available for a deserving cause." *Cooper v. A. Sargenti Co., Inc.*, 877 F.2d 170, 172 (2d Cir. 1989). Therefore, the Court must first look to the "likelihood of merit" of the underlying dispute, *Hendricks v. Coughlin*, 114 F.3d at 392; *Cooper v. A. Sargenti Co., Inc.*, 877 F.2d at 174, and "even though a claim may not be characterized as frivolous, counsel should not be appointed in a case where the merits of the . . . claim are thin and [plaintiff's] chances of prevailing are therefore poor." *Carmona v. United States Bureau of Prisons*, 243 F.3d 629, 632 (2d Cir. 2001) (denying counsel on appeal where petitioner's appeal was not frivolous but nevertheless appeared to have little merit).

The Court has reviewed the facts presented herein in light of the factors required by law and finds, pursuant to the standards promulgated by *Hendricks*, 114 F.3d at 392, and *Hodge v. Police Officers*, 802 F.2d at 61-62, that the appointment of counsel is not warranted at this time. As stated above, a plaintiff seeking the appointment of counsel must demonstrate a likelihood of success on the merits. *See id*. DeJesus has not done so at this time. Although this case has been pending for some time, it is still at a relatively early procedural stage. The only defendant in this case, Corrections Office Malloy ("C.O. Malloy"), answered DeJesus's Second Amended Complaint on April 11, 2019. (Docket # 46). In addition, this Court held a Rule 16 scheduling conference and issued its first Scheduling Order regarding discovery on June 19,

3

2019. (Docket ## 52 at ¶ 1; 53). Although DeJesus may face some challenges in investigating facts and pursuing discovery related to his claims because he is incarcerated, there is no specific evidence of any unsuccessful efforts. *See McLean v. Johnson*, 2017 WL 4157393, *1 (W.D.N.Y. 2017) (incarceration alone does not warrant the appointment of counsel).

DeJesus's claims that he "does not know how to cross examine a witness" and that counsel "will better enable [him] to present evidence found thr[ough] discovery" do not warrant appointment at this stage. Unfamiliarity with the practice of litigation is insufficient to justify the appointment of counsel. *See Boomer v. Deperio*, 2005 WL 15451, *1-2 (W.D.N.Y. 2005) (denying appointment of counsel where *pro se* plaintiff had "limited knowledge of the law"). Moreover, the remaining legal claims asserted in DeJesus's Second Amended Complaint do not appear to be unusually complex and arise from one incident – the alleged sexual assault on June 12, 2015. Furthermore, this Court finds no "special reasons" why appointment of counsel would increase the likelihood of a just determination of the case at this stage.

On this record, DeJesus's request for the appointment of counsel **(Docket # 55)** is **DENIED without prejudice** at this time. It is DeJesus's responsibility to retain an attorney or press forward with this lawsuit *pro se*. 28 U.S.C. § 1654.

**IT IS SO ORDERED**.

*s/Marian W. Payson*
MARIAN W. PAYSON
United States Magistrate Judge

Dated: Rochester, New York
August 2, 2019

4