UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

DENNY DeJESUS,

                                Plaintiff,

        v.

CORRECTIONS OFFICER R. MALLOY,

                                Defendant.
_____

DECISION & ORDER

16-CV-6470W

On July 6, 2016, *pro se* plaintiff Denny DeJesus ("DeJesus") commenced this action pursuant to 42 U.S.C. § 1983. (Docket # 1). Pursuant to an Order of the Court entered December 11, 2018, the sole claims remaining in this matter are Fourth and Eighth Amendment claims against Corrections Officer R. Malloy ("Malloy") arising out of an alleged physical and sexual assault during a pat-frisk at the Five Points Corrections Facility ("Five Points") on June 12, 2015. (Docket ## 21, 35). Currently pending before this Court are DeJesus's motions to compel (Docket ## 72, 92) and to secure the appointment of an expert at defendant's expense (Docket # 80).

**FACTUAL BACKGROUND**

In his second amended complaint, DeJesus alleges that on June 12, 2015, Malloy subjected him to a pat-frisk as he was entering the law library at Five Points. (Docket # 21 at ¶ 7). DeJesus maintains that during the frisk Malloy squeezed his testicles and penis, causing him "excruciating pain." (*Id.*). DeJesus alleges that he sustained pain and swelling in his groin area and blood in his urine as a result of the assault. (*Id.*).

DeJesus requests that a medical expert be appointed pursuant to Rule 706 of the Federal Rules of Evidence to offer an opinion concerning his claimed injuries and to counter the report prepared by Malloy's expert. (Docket # 80 at ¶ 2). In addition, DeJesus seeks an order from the Court compelling Malloy to produce various documents and information. (Docket ## 72, 92). Malloy opposes the motions. (Docket ## 86, 89, 94).[1]

## DISCUSSION

### I. DeJesus's Request for the Appointment of an Expert

DeJesus seeks appointment of a medical expert to provide an opinion regarding his claimed injuries. (Docket ## 80; 92 at 7-12). Rule 706 of the Federal Rules of Evidence allows the Court, on its own motion or on motion of another party, to appoint an expert witness. Fed. R. Evid. 706(a); *Pabon v. Goord*, 2001 WL 856601, *1 (S.D.N.Y. 2001). The Court has broad discretion in determining whether to appoint an expert witness. *Id.* In deciding whether to appoint an expert witness, the Court considers "such factors as the complexity of the matters to be determined and the Court's need for a neutral, expert view." *Benitez v. Mailloux*, 2007 WL 836873, *1 (N.D.N.Y. 2007) (citations and quotations omitted). The appointment of an expert witness pursuant to Rule 706 is not intended to aid litigants, but rather "to aid the [c]ourt,

---

[1] In a letter dated May 22, 2020, DeJesus suggests that he was never served with a copy of Malloy's opposition to his motion to compel. (Docket ## 92, 94, 99). The certificate of service attached to defendant's opposition indicates that it was emailed to DeJesus's facility with instructions that it be provided to DeJesus. (Docket # 94). Review of the certificates of service attached to several other documents filed by Malloy in this matter reveals that although counsel for Malloy has served certain documents by mail, at other times he has inexplicably emailed documents to the facility instead. (*Compare*, *e.g.*, Docket ## 45, 46, 58, 64, 89, 100 (mail service) *with* Docket ## 94, 103 (email service)). Additionally, it appears that counsel neither mailed nor emailed his opposition to DeJesus's initial motion to compel; rather, he merely filed the document electronically. (Docket ## 72, 86). These irregularities are troubling, especially in view of the *pro se* plaintiff's repeated complaints that he is not being properly served. (*See*, *e.g.*, Docket ## 92 at ¶ 1; 99; 107; 108). DeJesus's filings indicate that email service to the facility has been ineffective or delayed. (Docket ## 92 at ¶ 1; 99; 107; 108). Malloy is directed to serve Docket ## 86 and 94 by mailing a copy to DeJesus. Counsel for Malloy is cautioned that emailing filings to the facility of incarceration does not constitute proper service and that this practice must cease unless it is expressly authorized by the court in advance.

through the services of an impartial expert, in its assessment of technical issues." *Id.*; *see also Reynolds v. Goord*, 2000 WL 825690, *2 (S.D.N.Y. 2000) ("[t]he most important factor in favor of appointing an expert is that the case involves a complex or esoteric subject beyond the trier-of-fact's ability to adequately understand without expert assistance") (quoting 29 Charles Alan Wright & Victor James Gold, Federal Practice and Procedure § 6304 (1997)). In addition, "the mere fact that a [p]laintiff has been permitted to proceed . . . *in forma pauperis* entitles him only to the right to proceed without the prepayment of filing fees and the cost of service." *Benitez v. Mailloux*, 2007 WL 836873 at *2. Simply stated, *in forma pauperis* status "does not authorize payment or advancement of discovery expenses by the court." *Boyd v. Deasis*, 2020 WL 3566636, *2 (W.D.N.Y. 2020) (quotations and bracket omitted); *Graves v. Corr. Med. Serv.*, 2015 WL 1823456, *9 (W.D.N.Y. 2015) ("the plain language of section 1915 does not provide for the appointment of expert witnesses to aid an indigent litigant") (quotations omitted), *aff'd*, 667 F. App'x 18 (2d Cir. 2016).

Accordingly, the court should "bear in mind the substantial expense that defendants may have to bear if the [c]ourt appoints an expert in a case where . . . one of the parties is indigent." *Muhammad v. Wright*, 2009 WL 3246731,*1 (W.D.N.Y. 2009). Considering the substantial number of cases involving indigent prisoners, and the significant costs that may result, the court's appointment of expert witnesses should be used sparingly. *Id.* (citing *Benitez*, 2007 WL 836873 at *2). "The enlistment of court-appointed expert assistance under Rule 706 is not commonplace"; indeed, courts appoint experts under Rule 706 "relatively infrequent[ly]." *In re Joint E.& S. Dists. Asbestos Litig.*, 830 F. Supp. 686, 693 (E.D.N.Y. 1993) (citations and quotations omitted). "[M]ost judges view the appointment of an expert as an

extraordinary activity that is appropriate only in rare instances." *Id.* (citations and quotations omitted).

This case involves a brief incident that allegedly occurred during a recorded pat-frisk. (Docket ## 21, 40, 42). The injuries claimed by DeJesus are discrete and do not appear to be medically complex. On this record, the Court finds that a court-appointed expert witness is unnecessary at this time. Should the Court later determine that appointment is appropriate, it may do so at that time. Accordingly, DeJesus's motion for the appointment of an expert witness is denied without prejudice.

## II.     DeJesus's Motions to Compel

In his motions to compel, DeJesus seeks production of the following categories of documents: (1) documents from the Office of Special Investigations ("OSI") file associated with the investigation of the June 12, 2015 incident (Docket ## 72; 92 at ¶ 1); (2) the law library call-out sheet for June 12, 2015 during the relevant timeframe (Docket # 92 at ¶ 2); (3) prior complaints against Malloy involving sexual assault, harassment, and use of force (*id.* at ¶ 3); (4) documents and information pertaining to defendant's medical expert Dr. David Dinello ("Dinello"), including information relating to his prior expert testimony (*id.* at ¶¶ 4-7, 9); and, (5) identification of medical staff who evaluated DeJesus during a sick-call visit on June 18, 2015 (*id.* at ¶ 8).[2]

---

[2] DeJesus also refers to a video recording, but it is not clear from his submission whether he has been provided with that recording. At one point he states that he has "already received it," but he also requests that counsel for defendant "send the [DVD] to my facility as soon as possibl[e]." (Docket # 72 at 2). This Court has previously directed counsel to provide a copy of the DVD to DeJesus and to ensure that he has the ability to review it. (Docket # 61). The parties are directed to confer to attempt to resolve any outstanding issues relating to DeJesus's review of the video recording; if they are unable to resolve those issues, the parties may seek relief from the Court.

Malloy has agreed to produce documents and information responsive to the third and fifth categories. (Docket # 94 at ¶¶ 5, 7). Accordingly, those applications are denied as moot. Malloy is directed to produce the responsive documents and information by no later than **October 8, 2020**, in the event that he has not already done so.

With respect to the OSI file, Malloy maintains that he has complied with his discovery obligations by affording DeJesus an opportunity to review the file and take notes. (Docket # 86). DeJesus concedes that he was able to review the file, but conclusorily asserts that he needs to have the file in his possession in order to litigate his claims. (Docket # 72). In support of his opposition, Malloy has provided an affidavit from Acting Director of OSI Operations, Christopher Martuscello ("Martuscello"). (Docket # 86 at 4-7). According to Martuscello, possession of OSI investigative documents by an inmate poses "a threat to both facility and investigator safety." (*Id.* at ¶¶ 7-11). In the absence of any explanation establishing why DeJesus's review of the OSI file was insufficient, and in light of the security concerns identified by Martuscello, I deny DeJesus's motion to compel production of the OSI file. *See Henry v. Liberty*, 2017 WL 633409, \*5 (N.D.N.Y. 2017) ("mindful of the legitimate concerns of DOCCS and the facility, . . . the [c]ourt agrees that providing [p]laintiff with an opportunity to review the [r]eport, but not possess it, is the appropriate course which adequately protects all the parties' interests"). If DeJesus believes that he needs a further review of the file in order to prosecute his claims, he should confer with defense counsel to arrange for such review.

I reach a similar conclusion with respect to his request for an unredacted copy of the law library call-out sheet for June 12, 2015. DeJesus maintains that the document will assist him in identifying a potential witness – another inmate with whom he spoke about the June 12, 2015 incident. (Docket # 92 at ¶ 2). Malloy opposes production of the document on the grounds

5

that his attorney has already attempted to contact any inmate whose name appears on the call-out sheet and who meets the physical description offered by DeJesus. (Docket # 94 at ¶ 4). According to Malloy's counsel, he sent a letter to all inmates who might match the description provided by DeJesus, which stated:

> You have been identified as a potential witness in the above-referenced matter. The Plaintiff in this matter believes he may have spoken to you on or about June 12, 2015 in the law library at Five Points CF pertaining to an alleged assault. If you were the individual Plaintiff spoke with, please write to me and let me know what was the sum and substance of the conversation.

(*Id.*). Significantly, Malloy does not argue that production of the call-out sheet presents a security risk, although DeJesus suggests that defendant previously cited security considerations in refusing to produce the document. (*Compare* Docket # 92 at ¶ 2 *with* Docket # 94 at ¶ 4). I cannot find that opposing counsel's invitation to current or former inmates to self-identify as the individual who spoke with DeJesus about an alleged assault by a corrections officer and to disclose the substance of the communication is an adequate substitute for plaintiff's own review of the document in order to attempt to identify the witness. As the call-out sheet is likely to contain information relating to inmates in addition to the one he seeks to identify, DeJesus should be permitted to review, but not retain, an unredacted copy of the document. Defendant is directed to make arrangements to permit such review on or before **October 8, 2020**.

Finally, I turn to the category of documents relating to Malloy's expert, Dr. Dinello. Specifically, DeJesus seeks a list of the cases in which Dinello has provided expert testimony on behalf of DOCCS, along with copies of his reports and testimony in those cases. (Docket # 92 at ¶¶ 4-7). Additionally, DeJesus seeks production of any complaints, grievances, or investigations involving medical neglect/failure to treat, misdiagnosis, or other treatment issues lodged against Dinello during his employment by DOCCS. (*Id.* at ¶ 9).

6

Malloy opposes the request, contending that he has fully complied with his expert disclosure obligations and that Dinello does not possess "records from cases where he testified on behalf of DOCCS, nor are such cases tracked, nor is he paid for such testimony beyond his regular salary." (Docket # 94 at ¶ 6). With respect to DeJesus's request for complaints lodged against Dinello, Malloy responds that he asked the facility to identify responsive documents and represents that there have never been any sustained grievances or complaints against Dinello. (*Id.* at ¶ 8).

Pursuant to Rule 26 of the Federal Rules of Civil Procedure, an expert witness is required to include in his expert report "a list of all other cases in which, during the previous 4 years, the witness testified as an expert at trial or by deposition." Fed. R. Civ. P. 26(a)(2)(B)(v). In his expert disclosure, Malloy represented that Dinello has "testified approximately 25 times as an expert on behalf of DOCCS in the past four years" and has "testified as an expert in civil cases for damages on 12 occasions." (Docket # 73 at 1). Malloy has not provided any additional information that would permit DeJesus to identify the cases in which Dinello provided expert testimony. The failure to provide sufficient information to permit DeJesus to identify and attempt to obtain transcripts of Dinello's previous testimony violates defendant's expert disclosure obligations. *See Coleman v. Dydula*, 190 F.R.D. 316, 318 (W.D.N.Y. 1999) (rejecting explanation that the expert "does not maintain records containing this information"; [t]he obvious purpose of providing lists of prior cases is to enable [the] opposing [party] to obtain prior testimony of the expert[,] . . . [and] Rule 26 does not contemplate shifting this burden to the discovering party"). Accordingly, Malloy is directed to provide to DeJesus on or before **October 8, 2020**, a list identifying all cases in which Dinello has testified during the past four years, including "the name of the court, the names of the parties, the docket number, and . . .

whether the testimony was given at an examination before trial or during trial." *See id.* at 318-19. Given that Dinello is an expert witness and not a defendant in this action, I find that Malloy's representation that there are no sustained grievances or complaints against Dinello adequately responds to DeJesus's request.

## CONCLUSION

For the reasons discussed above, DeJesus's motion for appointment of an expert witness **(Docket # 80)** is **DENIED without prejudice**, and his motions to compel **(Docket ## 72, 92)** are **GRANTED in part** and **DENIED in part** as explained above. Malloy is directed to produce responsive documents and information in accordance with my rulings and serve an amended expert disclosure on or before **October 8, 2020**.

**IT IS SO ORDERED.**

                        *s/Marian W. Payson*
                        MARIAN W. PAYSON
                        United States Magistrate Judge

Dated: Rochester, New York
       September 17, 2020